IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                           Criminal Action No. 1:16CR73
                                   (Judge Keeley)

**JOHNNY D. FLOYD, SR.,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

Pending are two motions for compassionate release filed by the defendant, Johnny D. Floyd, Sr. (Dkt. Nos. 64, 77). For the reasons that follow, the Court **DENIES** the motions.

**I. BACKGROUND**

**A. Underlying Criminal Case**

On November 1, 2016, Floyd was named in a three-count indictment charging him with (1) Possession with the Intent to Distribute Cocaine Base and Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count One"); (2) Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1) ("Count Two"); and (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three") (Dkt. No. 1).

**UNITED STATES v. FLOYD**                                                     **1:16CR73**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

After Floyd pleaded guilty to Count One of the Indictment (Dkt. Nos. 46, 47, 48), the Court sentenced him on May 30, 2017, to 120 months of imprisonment, a variant sentence below his advisory guideline range (Dkt. No. 56). Floyd did not appeal.

**B. Motion for Compassionate Release**

On April 15, 2021, Floyd filed a pro se motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that (1) his conviction was the result of an unconstitutional search; (2) his aunt suffers from serious medical conditions; (3) his conduct while incarcerated demonstrates rehabilitation; and (4) other various mitigating factors exist (Dkt. No. 64). Counsel appointed by the Court filed a second motion that raised only one colorable extraordinary and compelling reason for his release, namely Floyd's desire to care for his son (Dkt. No. 77).

Despite being notified of its ability to do so, the Government did not respond to the motions (Dkt. No. 65). The Court therefore deems Floyd's motions fully briefed and ripe for decision.

**UNITED STATES v. FLOYD**                                        **1:16CR73**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

## II. APPLICABLE LAW

Once imposed, a court may only modify a term of imprisonment in limited circumstances. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). One of those circumstances is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment if (1) a defendant exhausts all administrative remedies; (2) an extraordinary and compelling reason for a sentence reduction exists; and (3) a sentence reduction is consistent with all relevant sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. High, 997 F.3d 181, 185-86 (4th Cir. 2021).

## III. DISCUSSION

After careful review of Floyd's motions and the record in his criminal case, the Court concludes that he has failed to establish any extraordinary and compelling reasons entitling him to release. Moreover, even if such reasons did exist, consideration of the § 3553(a) factors preclude his release.

**A. Administrative Exhaustion**

"[T]he [exhaustion] requirement in § 3582(c)(1)(A) is . . . satisfied if a defendant requests the [Bureau of Prisons ("BOP")]

3

**UNITED STATES v. FLOYD**                                                       1:16CR73

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

to bring a [compassionate release] motion on [his] behalf and <u>either</u> fully exhausts all administrative rights to appeal the [BOP's] decision <u>or</u> waits 30 days from the date of [his] initial request to file a motion in the district court." <u>United States v. Muhammad</u>, 16 F.4th 126, 131 (4th Cir. 2021) (emphasis in original). Here, the Warden at FCI Beckley denied Floyd's initial request for compassionate release on May 27, 2020 (Dkt. No. 64-2), and more than thirty (30) days later, Floyd filed his pro se motion in this Court (Dkt. No. 64). Accordingly, he has satisfied § 3582(c)(1)(A)'s exhaustion requirements.

**B. Extraordinary and Compelling Reasons**

Section 3582 does not define the phrase "extraordinary and compelling," but instead requires that any sentence reduction be consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 944(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). The Fourth Circuit, however, has observed that "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under

4

**UNITED STATES v. FLOYD**                                              **1:16CR73**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

the recently amended § 3582(c)(1)(A)." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020). Thus, "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise," but the policy statements "remain[] helpful guidance." Id. at 282 n.7 (emphasis in original).

Under those non-binding policy statements, family circumstances may constitute an extraordinary and compelling reason to grant compassionate release where the following has occurred: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children;" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered person." U.S.S.G. § 1B1.13 cmt. n.1(C).

Floyd's counsel asserts that the only colorable extraordinary and compelling reason justifying compassionate release is Floyd's desire to care for his teenage son, who currently resides with Floyd's aunt (Dkt. No. 77 at 3). Although his aunt serves as his son's caregiver, Floyd contends there is no connection between the two, and that due to the lack of any bond between them his son has experienced numerous emotional and behavioral problems. Id.

5

**UNITED STATES v. FLOYD**                                                           **1:16CR73**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

But missing from this argument is any assertion that Floyd's aunt is incapacitated. U.S.S.G. § 1B1.13 cmt. n.1(C). And even considering reasons broader than those noted in the policy statement, such as the lack of an emotional bond between his son and aunt, Floyd still cannot establish extraordinary and compelling reasons for compassionate release. His son currently has a competent caregiver, and although Floyd believes he can provide more effective paternal guidance, that alone does not warrant his release.[1]

**C. Section 3553(a) Factors**

But even if Floyd could establish extraordinary and compelling reasons for his compassionate release, under the § 3553(a) factors that the Court must consider, Floyd's release is not justified. Any decision to release an inmate pursuant to § 3582(c)(1)(A) must be consistent with the relevant sentencing factors that require the Court to impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). Relevant factors include the

---

[1] Were the Court to consider the arguments Floyd raised in his pro se motion that counsel did not deem colorable, his release would still not be justified under the relevant § 3553(a) factors.

6

Case 1:16-cr-00073-IMK-MJA   Document 78   Filed 09/29/22   Page 7 of 9   PageID #: 451

**UNITED STATES v. FLOYD**                                              **1:16CR73**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. Id.

Floyd pleaded guilty to a serious felony, Possession with the Intent to Distribute Cocaine Base and Heroin. The circumstances surrounding this offense, however, are troubling. On the night of his arrest, Floyd assaulted his girlfriend and cousin, and stole and crashed his cousin's vehicle under the influence of alcohol (Dkt. No. 55 at 4-5). And after Floyd fled from the scene of the accident, law enforcement discovered a handgun and crack cocaine inside the crashed vehicle. Id. at 4.

During a later search of Floyd's residence, law enforcement discovered cocaine base, heroin, another handgun, and drug paraphernalia. Id. at 5. Further investigation established that Floyd had recently moved to the area and could not provide a legitimate reason for his relocation. Id. at 8. Based on these facts, at sentencing the Court imposed offense level enhancements for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(a)(5),

7

**UNITED STATES v. FLOYD**                                           1:16CR73

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

(c)(5), and maintaining a drug involved premises, pursuant to U.S.S.G. § 2D1.1(b)(12) (Dkt. No. 55 at 9).

In addition, Floyd's lengthy and violent criminal history includes convictions for Felony Assault, Assault, Menacing, Attempted Domestic Violence, and Breaking and Entering. Id. at 10-21. In total, his presentence report lists twenty-five (25) criminal convictions, which resulted in a criminal history category VI. Id.

Even after carefully considering mitigating factors such as Floyd's completion of programming while incarcerated, based upon the nature and circumstances of his offense and his extensive criminal history, the Court concludes that his early release would not promote respect for the law. On the contrary, that history and background would place the public at a significant risk of future, possibly violent, criminal conduct by Floyd.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Floyd's motions for compassionate release **WITHOUT PREJUDICE** (Dkt. Nos. 64, 77).

It is so **ORDERED**.

**UNITED STATES v. FLOYD**                                                    **1:16CR73**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

The Clerk **SHALL** transmit copies of this Order to counsel of record.

DATED: September 29, 2022

                                                      /s/ Irene M. Keeley
                                                     IRENE M. KEELEY
                                                     UNITED STATES DISTRICT JUDGE